IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES LEE KEITH, ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 7:20-cv-00521 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| VOLVO GROUP NORTH ) | United States District Judge |
| AMERICA, LLC d/b/a "Volvo Trucks ) | |
| North America" ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Having succeeded on its motion for summary judgment, defendant Volvo Group North America, LLC ("Volvo") filed a bill of costs requesting that the court tax costs to plaintiff under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1).[1] (Dkt. No. 35.) Plaintiff James Lee Keith objected (Dkt. No. 36), and Volvo filed a response. (Dkt. No. 41.)

For the following reasons, the court will overrule in part and grant in part Keith's objections, will grant in part and deny in part Volvo's requested costs, and will award costs to Volvo in the amount of $3,817.85.

I. BACKGROUND

In his complaint, Keith asserted multiple claims against Volvo, his former employer, all brought under the Americans with Disabilities Act. The court granted summary judgment in Keith's favor "because Keith is judicially estopped from pursuing his ADA claims." (Mem. Op. 1, Dkt. No. 32.) The court further concluded that "[e]ven if he were not estopped, [Keith] is not a qualified individual with a disability under the ADA, he cannot prove that Volvo discriminated

---

[1] While the bill of costs was pending, Keith appealed the court's judgment. Based on a review of the docket for the appeal, Case No. 23-1178 (4th Cir.), the parties have filed briefs, but no decision has yet issued.

against him because of his disability, and he cannot prove a valid claim for failure to accommodate or interference under the ADA." (*Id.*)

Volvo's bill of costs seeks $1,443.00 for the fees charged by private process servers to serve subpoenas to obtain Keith's medical records, $3,363.75 for "printed or electronically recorded transcripts necessarily obtained for use in the case," and $454.10 for copies of Keith's medical records, for a total of $5,260.85. (Bill of Costs 1, Dkt. No. 24.) Volvo's bill of costs is supported by appropriate documentation. (*See generally id.*).

Keith objects to the bill of costs on two distinct grounds. First, he argues that the court should consider the factors set forth in *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) to determine whether there would be an "element of injustice in a presumptive cost award." (Objs. 1–3.) Keith submits that those factors, which are discussed in context in Section II *infra*, favor denying costs here.

Second, Keith argues that certain of the costs are not recoverable because they were not necessary. Specifically, he challenges $1,897.10 for the service of subpoenas on various medical providers and for copies of Keith's medical records. Keith states that he produced all of his medical records to Volvo in discovery and that Volvo's seeking the same records directly from his physicians was duplicative and solely for the ease of counsel. As such, he contends these costs are not recoverable. (Objs. 3–4 (citing *Fells v. Va. Dep't of Transp.*, 605 F. Supp. 2d 740, 743 (E.D. Va. 2009).) At most, then, Keith suggests that the costs should be reduced to $3,363.75, which represents only the cost of transcripts.

## II. DISCUSSION

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs should be allowed to the prevailing party unless a federal statute provides otherwise." *Williams v. Metro. Life Ins.*

*Co.*, 609 F.3d 622, 636 (4th Cir. 2010) (internal quotations omitted).  Thus, the rule "creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).  Although the court has the discretion to deny an award of costs, it must "articulat[e] some good reason for doing so" to overcome the presumption.  *Id*. (internal citation and quotations omitted).  "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis*, 434 F. App'x at 235 (citing *Cherry*, 186 F.3d at 446).  Although the unsuccessful party's "good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Id.* (internal citation and quotation marks omitted).

Applying those factors here, Keith contends that he brought this case in good faith and he contends that he is without the means to pay.  He does not provide any specific information about his financial status, but he states that he has "greatly reduced income[,] continues to suffer from permanent disabilities" and that he began drawing long-term disability insurance after Volvo would not return him to work.  (Objs. 2, Dkt. No. 36.)  Keith also cites to a recent district court decision where the court declined to award costs and, in doing so, noted the income disparity between the plaintiff and defendant was in the tens of millions of dollars.  (*Id.* at 2–3 (citing *Anderson v. Parkway Acquisition Corp.*, Case No. 5:21-cv-48 (W.D.N.C. Jan. 30, 2023).)  He points out that the income difference between the parties here is even more stark—in the billions of dollars.  He also contends that this case involved "close" issues.  Based on these factors, he contends that it would result in an injustice to require him to pay the bill of costs.

Having considered all of those factors, the court concludes that Keith cannot overcome the presumption of costs to the prevailing party. First of all, he does not assert that there was any misconduct by Volvo, so the first factor favors Volvo.

As to the second, Keith asserts in general terms that he has limited income, but he provides no specifics as to his income or inability to pay the costs. More detail would be required for this court to determine he had no ability to pay. *See, e.g.*, *Bocock v. Specialized Youth Servs. of Va, Inc.*, No. 5:14-cv-00050, 2016 WL 1734115, at *1 (W.D. Va. Apr. 28, 2016) (disallowing costs because the plaintiff lacked the ability to pay them and discussing the detailed financial information provided by the plaintiff). Other courts are in accord. In *Arthur v. Pet Dairy*, Case No. 6:11-CV-00042, 2013 WL 6228732, at *1 (W.D. Va. July 17, 2013), another judge of this court overruled the plaintiff's objection to costs, which was based on his alleged inability to pay. In doing so, the court noted, "[P]laintiff did not in his objections . . . include any affidavits or particular citations to the record that would indicate an extreme inability to pay . . . . Without such support, mere allegations of hardship are insufficient." *Id.* at *2. *See also Councell v. Homer Laughlin China Co.*, Civil Action No. 5:11CV45, 2012 WL 1981792, at *3 (N.D. W. Va. June 1, 2012) ("[T]he burden for showing that limited financial means merits the refusal to award costs is quite high, and the plaintiffs cannot sustain such a significant burden by presenting only unsupported contentions of 'limited financial means.'").

Further, Keith's suggestion that this court should consider the relative wealth, or comparative economic means, of the parties has been flatly rejected by the Fourth Circuit. *Cherry*, 186 F.3d at 448. As that court explained, consideration of "such a factor would almost always favor an individual plaintiff . . . over her employer defendant" and would "undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or

4

status." *Id.*

The remaining factors also favor Volvo. As to the third factor, the court finds that the costs are reasonable and not excessive. As to the fourth factor—the limited value of the prevailing party's victory—Volvo prevailed as to all of its claims and obtained a dismissal of Keith's complaint in its entirety. As to the fifth and final factor, the court does not find that the issues were "close." Whether the issues were "close" focuses on "the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir. 1986)). Here, the factual and legal issues were not especially difficult and the court did not find it particularly challenging to sift through or organize the evidence or to discern the law of the case. Furthermore, even if the case had been close, that factor alone would not justify denying costs. *See also Clehm v. BAE Sys. Ordnance Sys., Inc.*, No. 7:16-cv-00012, 2018 WL 3978995, at *2 (W.D. Va. Aug. 20, 2018) (reasoning that even if the case was close and difficult, that factor alone is not sufficient to deny costs); *see also Va. Panel Corp.*, 203 F.R.D. at 237 (same). The court thus concludes that Keith has not identified any circumstances sufficient to overcome the presumption in favor of awarding costs to the prevailing party.

Keith's second objection challenges the taxing of costs for the service of subpoenas to obtain his medical records and for copies for the same. As noted, Keith states that he provided his medical records and that he should not have to pay for Volvo's getting "duplicate" copies simply for the "ease of counsel." (Objs. 3–4.)

In considering this objection, the court notes first that costs for copies of materials where "the copies are necessarily obtained for use in the case" are appropriately taxed under 28 U.S.C.

5

§ 1920(4).  As for whether obtaining the medical records was necessary, moreover, Volvo represents to the court that although Keith produced some of his medical records (less than 900 pages), the subpoenas issued by Volvo yielded "upwards of 13,000 medical documents and records, much of which had not been produced by Keith."  (Reply 5, Dkt. No. 41.)  Further, Volvo correctly notes that, given Keith's claims based on the ADA and his disability, understanding his medical history was significant and important in this case.  Given those facts, the court concludes that costs for the copies of the medical records are recoverable.

The remaining costs challenged by Keith are for the service of subpoenas to obtain the medical records.  Volvo points to both § 1920(2) and § 1920(4) as allowing "the costs of issuing subpoenas and receiving such medical records transcripts."  (Reply 5.)  Volvo is incorrect, on several grounds.  First of all, the court does not understand Volvo's reference to transcripts.  Keith does not object to the taxing of costs for transcripts, so they are not at issue.  Second, neither of the subsections cited by Volvo allows costs for service of subpoenas: subsection (2) refers to transcripts; subsection (4) refers to copies of materials.

Subsection (1) allows "fees of the clerk and marshal" to be taxed as costs. 28 U.S.C. § 1920(1).  And on the court's standard form for a bill of costs (AO Form 133), which Volvo used, it includes a line for "fees for service of summons and subpoena," which appears to come from that subsection.  Although the line on the form does not limit itself to fees of the marshal, the statute nowhere indicates that costs for a private process server are allowed.  Importantly, moreover, the court may only tax costs authorized by statute.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 442, 445 (1987); *see also Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (describing taxable costs as "limited by statute" and "modest in scope" and

noting that any changes to the limited categories authorized in § 1920 must come from Congress).

The Fourth Circuit does not appear to have spoken on the issue of whether the cost of a private process server is taxable, and district courts within the circuit—and even within individual districts—have not been consistent in their rulings. Another judge of this court discussed this issue at length in *Webb v. Kroger Ltd. P'ship*, No. 7:16-cv-00036, 2017 WL 2651721, at *1–2 (W.D. Va. June 19, 2017). Ultimately, the *Webb* court elected to follow "the recent trend in this district" and "to apply § 1920 as written and find costs for service by a private process server are not recoverable under the statute." *Id.* at *1. This court will follow suit, "in hopes of providing 'consistency and predictability, which allows individuals and entities within this district to plan accordingly.'" *Id.* at *2 (quoting *Selective Way Ins. Co. v. Roseanne Browning Apple*, No. 3:13-CV-00042, 2017 WL 111439, at *1 (W.D. Va. Jan. 11, 2017)); *see also LeDoux v. Western Express, Inc.*, Case No. 6:20-cv-51(L), 2023 WL 4366364, at *1 (W.D. Va. July 6, 2023) (noting that the Fourth Circuit still has not decided the issue, but following the "trend" in this district of disallowing costs for private process servers). As such, the court will reduce the costs claimed by Volvo by $1,443.00, which is the amount attributable to private process server fees for serving the medical records subpoenas.

For all of these reasons, the court will grant in part and overrule in part Keith's objections to the bill of costs, and it will tax costs as requested by Volvo, except for the $1,443.00 for private process server fees.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED as follows:

1. Volvo's bill of costs (Dkt. No. 35) is GRANTED IN PART and DENIED IN PART;

2. Keith's objections to the bill of costs (Dkt. No. 36) are OVERRULED IN PART and GRANTED IN PART; and

3. Costs are hereby awarded to Volvo in the amount of $3,817.85 (calculated as the requested amount minus the disallowed amounts for the private process server fees: $5,260.85 minus $1,443.00).

The Clerk shall provide a copy of this memorandum opinion and order to all counsel of record.

Entered: February 5, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge